UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:10CR-313 |
| ) | |
| JOSHUA BEHROUZ NABATKHORIAN ) | |
| ) | |
| Accused. ) | |

**MOTION TO SUPPRESS EVIDENCE AND
MEMORANDUM IN SUPPORT THEREOF**

COMES NOW the Accused, Joshua Behrouz Nabatkhorian, by counsel, and moves this Court for entry of an Order suppressing from use at trial certain evidence taken or seized by the government, and in support thereof states as follows:

**I.  BACKGROUND**

On November 17, 2010, the Accused parked his 2006 Toyota FJ Cruiser in a valid parking spot at the Twinbrook Shopping Center (located in Fairfax County, Virginia). Immediately thereafter, he was approached by Fairfax County police officers and was ordered from the vehicle at gunpoint. He was then arrested and handcuffed, put into a police cruiser, and quickly taken away to police custody for interrogation.

Officer DuBois of the Fairfax County Police then conducted an "inventory search" of the 2006 Toyota FJ Cruiser. As reflected in the attached Fairfax County Police Department Supplementary Investigation Report, a copy of which is attached hereto as Exhibit 1, Officer DuBois then removed items from the

vehicle and transported them to the 8th Floor of the Massey building – Criminal Investigations Bureau.

The next day, November 18, 2009, Detective N. Boffi of the Fairfax County Police obtained a search warrant for the 2006 Toyota FJ Cruiser. Remarkably, the Search Warrant Inventory And Return, a copy of which is attached hereto as Exhibit 2, indicates that items that were previously removed from the 2006 Toyota FJ Cruiser the previous day by Officer Dubois were seized pursuant to the warrant.

**II. ARGUMENT**

The Fourth Amendment generally requires police to secure a warrant before conducting a search. Maryland v. Dyson, 527 U.S. 465, 466, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999); see also United States v. Currence, 446 F.3d 554, 556 (4th Cir. 2006). A warrantless search may nevertheless be valid, and the evidence obtained from that search may be admissible, if the search "'falls within one of the narrow and well-delineated exceptions' to the Fourth Amendment's warrant requirement." Currence, 446 F.3d at 556 (quoting Flippo v. West Virginia, 528 U.S. 11, 13, 120 S. Ct. 7, 145 L. Ed. 2d 16 (1999)). It is anticipated that the government will argue that Officer DuBois' search of the vehicle was pursuant to the "inventory search" exception to the Fourth Amendment's warrant requirement.

However, for the inventory search exception to apply, the search must have "be[en] conducted according to standardized criteria," such as a uniform police department policy and performed in good faith. See Colorado v. Bertine,

2

479 U.S. 367, 372, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987); <u>Banks</u>, 482 F.3d at 739; <u>see</u> <u>also</u> <u>United States v. Brown</u>, 787 F.2d 929, 932 (4th Cir. 1986).

To justify a warrantless inventory search, standardized criteria must sufficiently limit a searching officer's discretion to prevent his search from becoming "a ruse for a general rummaging in order to discover incriminating evidence." <u>Florida v. Wells</u>, 495 U.S. 1, 4, 110 S. Ct. 1632, 109 L. Ed. 2d 1 (1990). There is nothing to suggest that Officer DuBois' search of the vehicle was conducted according to standardized criteria for vehicle inventory searches promulgated by the Fairfax County Police Department. To the contrary, the list of items noted in Officer DuBois report reflect a general rummaging for evidence of a crime, and not a true inventory report. Simply, Officer DuBois' search of the vehicle appears to have been nothing more than a pretext to gather evidence against the Accused.

Moreover, given the divergent accounts of how, when and where the items were removed from the vehicle, the good faith aspect of the search of the vehicle must be scrutinized. According to the Fairfax County Police Department Supplementary Investigation Report prepared by Detective Boffi, a copy of which is attached hereto as Exhibit 3, on November 18, 2009, a search of the vehicle was conducted pursuant to a warrant and items that were initially observed during the initial inventory of vehicle were removed. In contrast, Officer DuBuis's report indicates that she removed items from the vehicle and transported them to the 8th Floor of the Massey building. Since the police accounts of how and when

the items were removed from the vehicle do not reconcile, it cannot be said that the search of the vehicle was conducted in good faith.

The exclusionary rule requires suppression of tangible materials seized during an unlawful search, <u>Weeks v. United States</u>, 232 U.S. 383 (1914), and testimony concerning knowledge acquired during an unlawful search, <u>Silverman v. United States</u>, 365 U.S. 505 (1961).  Therefore, since the evidence obtained by Officer DuBois was obtained pursuant to an illegal search, and that illegally obtained evidence was then referenced and used in part the basis for obtaining a subsequent search warrant for the vehicle by Detectve Boffi, it should be suppressed from use at trial.  The government cannot insulate an illegal warrantless search by including the product of that search in a warrant affidavit. <u>Unites States v. Grandstaff</u>, 813 F.2d 1353, 1355 (9th Cir. 1987); <u>United States v. Wanless</u>, 882 F.2d 1459, 1466-67 (9th Cir. 1989);  <u>United States v. Vasey</u>, 834 F.2d 782, 789-90 (9th Cir. 1987).

In addition, the exclusionary rule also requires the suppression of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as a direct result of the illegal search, as "fruits of the poisonous tree."   See <u>Nardone v. United States</u>, 308 U.S. 338 (1939).  Therefore, the exclusionary rule requires that any evidence subsequently obtained based on the November 19, 2009, search warrant must also be suppressed, as it is "fruit of the poisonous tree."

WHEREFORE, the Accused, Joshua Nabatkhorian, by counsel, moves this Court for entry of an Order suppressing evidence seized from his vehicle,

4

and such other and further relief as is deemed just and proper.

                                    JOSHUA BEHROUZ NABATKHORIAN
                                    By Counsel

GREENSPUN, SHAPIRO, DAVIS & LEARY, P.C.

BY:_____/s/_____
    PETER D. GREENSPUN
    Counsel for Defendant
    3955 Chain Bridge Road, Second Floor
    Fairfax, Virginia 22030
    (703) 352-0100
    (703) 591-7268 (fax)
    pdg@greenspunlaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 27th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will then send a notification of such filing (NEF) to the following:

        John Eisinger
        Counsel for the United States
        2100 Jamieson Avenue
        Alexandria, Virginia   22314
        John.Eisinger@usdoj.gov

        _____/s/_____
        Peter D. Greenspun
        Counsel for the Defendant
        Greenspun, Shapiro, Davis and Leary, P.C.
        3955 Chain Bridge Road
        Second Floor
        Fairfax, Virginia   22030
        (703) 352-0100
        Fax: (703) 591-7268
        Email: pdg@greenspunlaw.com