UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:10CR-313 |
| ) | |
| JOSHUA BEHROUZ NABATKHORIAN ) | |
| ) | |
| Accused. ) | |

### MOTION TO DISMISS COUNT ONE OF INDICTMENT DUE TO DUPLICITY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW the Accused, Joshua Behrouz Nabatkhorian, by counsel, and moves this Court for entry of an Order dismissing the Indictment herein, and in support thereof states as follows:

### AUTHORITY

Duplicity is "the joining in a single count of two or more distinct and separate offenses." United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985) (citing 1 Wright, Federal Practice and Procedure § 142 (2d ed. 1982)). "The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999), cert. denied, 528 U.S. 1161, 145 L. Ed. 2d 1083, 120 S. Ct. 1174 (2000). Duplicity can result in "improper notice of the charges against [the defendant], prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and . . . the danger that a conviction will result from a less than unanimous verdict as to each separate offense." United States v. Armstrong, 974 F. Supp. 528, 539 (E.D. Va.

1997) (quoting United States v. Duncan, 850 F.2d 1104, 1108 n. 8 (6th Cir. 1988)).

Where an indictment contains a duplicitous count, the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue. See United States v. Hall, No. 3:95CR-01, 11 (E.D.N.C. Dec. 6, 1995).

## ANALYSIS

Count One of the indictment states, in pertinent part, that:

> NABATKHORIAN knowingly used the Internet and a cellular telephone to attempt to persuade, induce, entice and coerce an individual who NABATKHORIAN knew was 13 years of age to engage in sexual activity, and had such sexual activity occurred, NABATKHORIAN could have been charged with a criminal offense under:
>
> a.   Section 18.2-63 of the Code of Virginia, which prohibits NABATKHORIAN from carnally knowing, without the use of force, by sexual intercourse, cunnilingus, fellatio, anal intercourse and inanimate object sexual penetration, a child 13 years of age or older but under 15 years of age;
>
> b.   Section 18.2-370 of the Code of Virginia, which prohibits NABATKHORIAN from taking indecent liberties with a child under the age of 15, including by with lascivious intent, knowingly and intentionally:
> - i. exposing his sexual and genital parts to such a child;
> - ii. proposing that such a child expose her sexual and genital parts to him;
> - iii. proposing that such child feel and fondle his sexual and genital parts;
> - iv. proposing that he feel and fondle the sexual and genital parts of such child;
> - v. proposing to such a child the performance of an act of sexual intercourse and carnal knowledge by the anus and mouth; and
> - vi. enticing, alluring, persuading, and inviting such a child to enter any vehicle, room, house and other place, for any of the purposes set forth in this subsection(b); and

    c.      Sections 18.2-26 and 27 of the Code of Virginia, which punishes attempts to commit felonies and misdemeanor offense.

Was the Indictment returned by the grand on the theory that Mr. Nabatkhorian attempted to violate Virginia Code § 18.2-63, or was it by reason of an attempted violation of Virginia Code § 18.2-370, or violations of Virginia Code §§ 18.2-26 and 27, or all of the foregoing? On this record there is not a reliable or provable answer. The grand jury may have considered and returned a true bill on one theory or the other, or some combination of the theories. However, the Indictment the prosecution provided to the grand jury should have been offered in separate counts as to each theory. The government did not, and the prosecution cannot now explain what they wanted, requested or what they think the grand jury intended.

At this stage it is impossible to determine from the only item which may be considered, the indictment itself, what the actual finding was by the grand jury. To return an indictment under multiple theories, this indictment should have contained multiple counts. Therefore, the Indictment herein must be dismissed.

WHEREFORE, the Accused, Joshua Nabatkhorian, by counsel, moves this Court for entry of an Order dismissing the Indictment herein.

                                    JOSHUA BEHROUZ NABATKHORIAN
                                    By Counsel

GREENSPUN, SHAPIRO, DAVIS & LEARY, P.C.

BY:________/s/________________

PETER D. GREENSPUN
Counsel for Defendant
3955 Chain Bridge Road, Second Floor
Fairfax, Virginia 22030
(703) 352-0100
(703) 591-7268 (fax)
pdg@greenspunlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will then send a notification of such filing (NEF) to the following:

John Eisinger
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
John.Eisinger@usdoj.gov

_______/s/__________________________

Peter D. Greenspun
Counsel for the Defendant
Greenspun, Shapiro, Davis and Leary, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 352-0100
Fax: (703) 591-7268
Email: pdg@greenspunlaw.com