UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:10CR-313 |
| ) | |
| JOSHUA BEHROUZ NABATKHORIAN ) | |
| ) | |
| Accused. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT AS UNCONSTITUTIONAL AND FOR FAILURE TO ALLEGE FACTS SUFFICIENT FOR A VIOLATION OF 18 U.S.C. § 2422(b)**

The Accused, Joshua Behrouz Nabatkhorian, by counsel, in support of his Motion to Dismiss the indictment because it is unconstitutional and fails to allege facts sufficient for a violation of 18 U.S.C. § 2422(b), states as follows:

Mr. Nabatkhorian is charged with violating Title 18, Section 2422 of the United States Code, which makes it a crime to "knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so. 18 U.S.C. 2422(b). As applied in this case, the statute unconstitutionally criminalizes lawful speech that does not involve an actual minor child.

According the government's pleadings, Mr. Nabatkhorian is not alleged to have attempted to entice a child at all; rather, he is alleged to have attempted to entice an adult law enforcement detective. While it appears that the Supreme Court has yet to review a case regarding the solicitation, enticement or persuasion of an adult posing as a minor to engage sexual behavior, the

Supreme Court in 2002 found unconstitutional and overbroad, the Child Pornography Protection Act, ("CPPA"), which "extends the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children." See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 240-41 (2002).  The CPPA prohibited, "in specific circumstances, possessing or distributing the sexually explicit images, which may be created by using adults who look like minors or by using computer imaging, making it possible "to create realistic images of children who do not exist." Id.

The Supreme Court declared the CPPA to unconstitutional because the severe penalties for violation of the Act chill speech.

> The CPPA's penalties are indeed severe.  A first offender may be imprisoned for 15 years. § 2252A(b)(1).  A repeat offender faces a prison sentence of not less than 5 years and not more than 30 years in prison. *Ibid.*  While even minor punishments can chill protected speech, this case provides a textbook example of why we permit facial challenges to statutes that burden expression.  With these severe penalties in force, few legitimate movie producers or book publishers, or few other speakers in any capacity, would risk distributing images in or near the uncertain reach of this law.  The Constitution gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere.  Under this principle, the CPPA is unconstitutional on its face if it prohibits a substantial amount of protected expression.

Id. at 244 (internal citations committed).

Mr. Nabatkhorian's case presents a scenario identical to that created by the portion of the CPPA that was ruled unconstitutional.  Section 2422(b), as charged here, carries a maximum penalty of life in prison and a mandatory minimum sentence of ten years of incarceration.  Certainly, these penalties chill the speech of those who have no actual intention of actually engaging in sexual

2

acts with a minor, but who engage in sexually explicit communications with adults posing as and pretending to be minors.

In addition to the penalties at issue, the Supreme Court also deemed the CPPA unconstitutional because it unconstitutionally criminalizes child pornography that did not depict an actual child. The Court found that the government may not criminalize thoughts. Ashcroft, 535 U.S. at 253. When responding to the government's argument that virtual child pornography whets the appetites of pedophiles and encourages them to engage in illegal conduct, the Court responded, "[t]he government 'cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts.' Id. First Amendment freedoms are most in danger when the government seeks to control thought or to justify its laws for that impermissible end. The right to think is the beginning of freedom, and speech must be protected from the government because speech is the beginning of thought." Ashcroft, 535 U.S. at 253.

For the same reasons stated in Ashcroft v. Free Speech Coalition, this Court must dismiss the indictment that charges Mr. Nabatkhorian with violating 18 U.S.C. 2422(b), where the alleged "enticement" was of an individual over the age of 18 years.

Furthermore, beyond the constitutional problems, the statute itself requires that an actual minor be persuaded, induced, enticed, or coerced, which is not alleged here. Although it is true that the Fourth Circuit, in an unpublished opinion, has found that the absence of an actual child has no bearing on whether a crime was committed under § 2422(b), that decision was reached specifically in

3

the context of a challenge regarding the applicable state statute relied upon by the government, and whether it required an actual child to be enticed.  United States v. Kaye, 243 Fed. Appx. 763, 766 (4th Cir. Va. 2007).  Notwithstanding the requirements of proof that an actual child was enticed under the relied upon state statute, Mr. Nabatkhorian's argument here is that section 2422(b) itself requires an actual child to be enticed before a conviction can be obtained. Applying the statute in any other way criminalizes thoughts, not acts, something the Supreme Court specifically prohibits.

> The government 'cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts.' Stanley v. Georgia, 394 U.S. 557, 566, 22 L. Ed. 2d 542, 89 S. Ct. 1243 (1969).  First Amendment freedoms are most in danger when the government seeks to control thought or to justify its laws for that impermissible end.  The right to think is the beginning of freedom, and speech must be protected from the government because speech is the beginning of thought.  To preserve these freedoms, and to protect speech for its own sake, the Court's First Amendment cases draw vital distinctions between words and deeds, between ideas and conduct.

Ashcroft, 535 at 253.

Mr. Nabatkhorian additionally acknowledges that other circuits have denied similar requests to dismiss indictments under the statute.  See, e.g. United States v Tykarsky, 446 F3d 458 (3rd Cir. Pa. 2006) (joining similar rulings in other circuits in concluding that conviction under the attempt provision of § 2422(b) does not require involvement of actual minor)[1]; but see United States v. Gladish, 536 F.3d 646, 648 (7th Cir. Ind. 2008) (recognizing, in an opinion written

---

[1] See, e.g., United States v. Helder, 452 F.3d 751, 753-56 (8th Cir. 2006); United States v. Davis, 165 Fed. Appx. 586, 588 (10th Cir. 2006);  United States v. Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); and United States v. Farner, 251 F.3d 510, 512-13 (5th Cir. 2001).

4

by the Honorable Richard A. Posner, that in circumstances of the alleged enticing an undercover officer, a defendant would <u>not</u> be guilty of a completed act of § 2422(b) because the agent is not a minor) (emphasis added). These are all persuasive authorities.

Much more persuasive, however – and a point that does not appear to have been previously addressed in the courts – is the fact that Congress has expressly shown that when it desires to do so, it is capable of drafting unequivocal language into other criminal statutes to convey exactly when the statute has been violated. Perhaps the best example, the federal money laundering statute, states in relevant part that whoever:

> conducts or attempts to conduct such a financial transaction <u>which in fact involves the proceeds of specified unlawful activity</u> . . . [or] conducts or attempts to conduct a financial transaction involving property <u>represented to be the proceeds of specified unlawful activity</u>, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both. <u>For purposes of this paragraph and paragraph (2), the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section</u>.

18 U.S.C. § 1956 (emphasis added).

There is no question that the federal money laundering statute expressly makes it illegal to conduct, or attempt to conduct, a transaction which in fact involves the proceeds of specified illegal activity. Further, there is no question that the statute expressly makes it illegal to conduct, or attempt to conduct, a transaction involving property that is represented to be the proceeds of specified illegal activity. Unlike 18 U.S.C. § 2422(b), the language of the money

5

laundering statute conveys a clear purpose to punish those who engage in specific acts, even when an otherwise necessary element of the crime is not present, so long as the accused thought this element was present based on representations made to them by law enforcement.

The money laundering statute makes clear that Congress, if it so chooses, is more than capable of drafting a law to prohibit the acts for which the government is attempting to punish Mr. Nabatkhorian here.  Congress has not done so.  At the very least, Congress' failure to include in 18 U.S.C. § 2422, language similar to the "represented to be" language found in § 1956, establishes an ambiguity in the statute which must be resolve in the favor of Mr. Nabatkhorian.  <u>See</u>, <u>e.g.</u>, <u>Bifulco v. United States</u>, 447 U.S. 381, 387 (1980) (in a criminal case, a court must resolve statutory ambiguity in favor of the accused). The principle of lenity should be given the utmost consideration here, given the stakes of a ten year minimum mandatory sentence.

For these reasons, the indictment against Mr. Nabatkhorian alleging violation of Title, 18 Section 2422 of United States Code must be dismissed.

WHEREFORE, the Accused, Joshua Nabatkhorian, by counsel, respectfully moves this Court for entry of an Order dismissing the indictment in this case.

                                                JOSHUA BEHROUZ NABATKHORIAN
                                                By Counsel

GREENSPUN, SHAPIRO, DAVIS & LEARY, P.C.

BY:_____/s/_____
   PETER D. GREENSPUN
   Counsel for Defendant
   3955 Chain Bridge Road, Second Floor
   Fairfax, Virginia 22030
   (703) 352-0100
   (703) 591-7268 (fax)
   pdg@greenspunlaw.com

CERTIFICATE OF SERVICE

7

I hereby certify that on the 27th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will then send a notification of such filing (NEF) to the following:

> John Eisinger
> Counsel for the United States
> 2100 Jamieson Avenue
> Alexandria, Virginia   22314
> John.Eisinger@usdoj.gov

> _____/s/_____
> Peter D. Greenspun
> Counsel for the Defendant
> Greenspun, Shapiro, Davis and Leary, P.C.
> 3955 Chain Bridge Road
> Second Floor
> Fairfax, Virginia   22030
> (703) 352-0100
> Fax: (703) 591-7268
> Email: pdg@greenspunlaw.com