UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                     ) | Case No. 1:10CR-313 |
| ) | |
| JOSHUA BEHROUZ NABATKHORIAN ) | |
| ) | |
| Accused.                          ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DOWN SENTENCING PROVISION OF 18 U.S.C. § 2422(b) AS VIOLATIVE OF EIGHTH AMENDMENT OF UNITED STATES CONSTITUTION

COMES NOW the Accused, Joshua Behrouz Nabatkhorian, by counsel, and in support of his Motion To Strike Down Sentencing Provision Of 18 U.S.C. § 2422(B) As Violative Of Eighth Amendment Of United States Constitution, states as follows:

Specifically, this Court should strike down the ten year minimum mandatory provision of 18 U.S.C. § 2422(b) as unconstitutional, because it constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, as applied in Mr. Nabatkhorian's case.

### Recent History Of Cruel And Unusual Punishment Cases

Thirty years ago, in Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court considered whether the Eighth Amendment protection against cruel and unusual punishment includes a proportionality principle. That is, whether the Eight Amendment protection precludes punishments of incarceration which are disproportionate to the crime itself. Rummel involved a state recidivism statute that resulted in a defendant being sentenced to life in prison (with the possibility

of parole) for his third felony conviction. The triggering conviction in Rummel involved a charge for stealing $120.75. The Court ultimately concluded that in the context of a recidivism statute and its purposes, the sentence was not cruel and unusual; however, the Court recognized that "the Eighth Amendment prohibits the imposition of a sentence that is grossly disproportionate to the severity of the crime," although "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Id. at 271-72.

Three years later in Solem v. Helm, 463 U.S. 277 (1983), the Court reaffirmed the Eighth Amendment's proscription of cruel and unusual punishments which are disproportionate to the crimes committed. Solem at 284. The decision reaffirmed the fundamental constitutional principle that a punishment should be proportionate to the crime. Id. at 285, 286, 287. Specifically, the Court concluded that:

> In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional. As the Court noted in Robinson v. California, 370 U.S., at 667, a single day in prison may be unconstitutional in some circumstances.

Solem, 463 U.S.at 290.

The Solem Court set forth specific objective factors by which to measure the proportionality of a sentence to a crime, which included (i) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other

2

criminals in the same jurisdiction; and (iii) the sentenced imposed for commission of the same crime in other jurisdictions. Id. at 292.

The Court tackled the proportionality issue again in Harmelin v. Michigan, 501 U.S. 957 (1991), and modified its view of the proportionality analysis. Harmelin involved a first-time offender convicted of possession of 672 grams of cocaine who was sentenced to life in prison without the possibility of parole. A closely divided Court upheld Harmelin's sentence, and the controlling opinion concluded that the Eighth Amendment does contain a "narrow proportionality principle" which "does not require strict proportionality between crime and sentence," but rather, "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id., at 997, 1000-1001 (KENNEDY, J., concurring in part and concurring in judgment). Justice Kennedy suggested four principles of proportionality review in reaching the determination of whether the punishment is grossly disproportionate to the crime, which included, "the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors" Id. at 1001.

In 2003, the proportionality issue was considered again, this time in the case of Ewing v. California, 438 U.S. 11 (2003). As was the case in Rummel and Solem – and unlike Mr. Nabatkhorian's case here – the Ewing Court considered the constitutionality of a sentence imposed under a recidivist statute. In Ewing, the triggering conviction for theft in excess of $1000 and the accompanying sentence of 25 years to life, was based on the defendant's prior convictions of

3

four separate serious or violent felonies. Relying on Harmelin, the Court upheld the principle that "[t]he Eighth Amendment...contains a narrow proportionality principle which applies to noncapital sentences." Ewing, 433 U.S. at 20.

In upholding the sentence of Mr. Ewing, the Court held that application of the proportionality analysis applies only to extreme sentences that are "grossly disproportionate" to the crime, and that only in those cases can a sentence be deemed "cruel and unusual." Id. at 23. The Court pointed to the four principles set forth by Justice Kennedy's concurrence in Harmelin as the proper guideposts in its proportionality analysis. Id. at 23-24. Finally, in Graham v. Florida, 130 S. Ct. 2011, 2022 (2010), a case involving the applicability of the Eighth Amendment to a juvenile sentenced as an adult, the Court upheld the proportionality principle.

**Argument**

It does not appear that the Fourth Circuit has specifically considered the applicability of the Eighth Amendment to 18 U.S.C. § 2422(b). And while it is recognized that there exist published cases in other circuits which have resulted in unsuccessful Eighth Amendment challenges to this particular statute[1], it is nonetheless respectfully submitted that the totality of circumstances presented in Mr. Nabatkhorian's case establish that his is indeed a case which, if he is convicted, will result in the "rare occurrence" of an inevitably grossly disproportionate, and thus unconstitutional sentence. See, e.g., Harmelin, 501

---

[1] See United States v Nagel, 559 F3d 756 (7th Cir. Wisc. 2009); United States v Dwinells, 508 F3d 63 (1st Cir. Mass. 2007); United States v Davey, 550 F3d 653 (7th Cir. Ind. 2008).

4

U.S. at 957; Hutto v. Davis, 454 U.S. 370 (1982), Rummell v. Estelle, 45 U.S. 263 (1980).

Assuming Mr. Nabatkhorian's case were to result in a conviction, the controlling state of the law is that Eighth Amendment's Cruel and Unusual Punishment Clause prohibits him from being sentenced in a way that would be grossly disproportionate to the crime he committed. Ewing, 538 U.S. at 20. "A court must begin by comparing the gravity of the offense and the severity of the sentence. Graham v. Florida, 130 at 2022 (quoting Harmelin, 501 U.S., at 1005 (opinion of KENNEDY , J.)). The next step is as follows:

> "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. Ibid. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual.

Graham, 130 S. Ct. at 2022.

Applying the initial threshold step here – that is, comparing the gravity of Mr. Nabatkhorian's alleged behavior to the severity of the sentence – shows that an inference of gross disproportionality exists. The government is attempting under the statute to punish Mr. Nabatkhorian for his alleged thoughts (i.e. for allegedly thinking that he was setting up a sexual encounter with a 13 year-old child). Mr. Nabatkhorian is not alleged to have actually initiated any actual physical contact, sexual or otherwise, with a child.[2] Nonetheless, the mandatory

---

[2] It is noted that according to the Seventh Circuit, even if a defendant in Nabatkhorian's position would have succeeded in getting the person on the other

5

minimum sentence to be imposed for what was going on in Mr. Nabatkhorian's mind, is ten years in prison. The severity of this minimum sentence is grossly disproportionate to the actual criminal behavior that is alleged.

The gross disproportionality is especially true here, where the evidence shows that the alleged enticement was only after law enforcement apparently enticed Mr. Nabatkhorian himself to do so. Further, unlike many cases prosecuted under this statute, there is no allegation that Mr. Nabatkhorian sent or requested sexually explicit images or videos during the alleged conversations. See, e.g., United States v. Nagel, 559 F.3d 756 (2009, 7th Cir.) (finding that the threshold inference of gross disproportionality of a sentence under 18 U.S.C. § 2422(b) was not met when the evidence showed that in committing the crime, the defendant used the Internet to send video images of his genitals and anus to the person he thought was a 14-year-old girl, and also violated an additional federal law).); nonetheless, even though the severity of Nabatkhorian's alleged crime is much less aggravating, if the sentencing provision of 18 U.S.C. § 2422(b) is applied, Nabatkhorian will be punished in the same way or worse.

Moreover, here, in addition to showing that it was *law enforcement* that was attempting to entice Mr. Nabatkhorian to commit a crime, the government's evidence shows that even on the day of Mr. Nabatkhorian's arrest, he asked the undercover detective "are you sure about this?" and went on to state that, "since you are so young do not [sic] want in future you think I took advantage of you."

---

end of the chats and emails to have sex with him, "he would not have been guilty of a completed violation of section 2422(b) because the agent . . . was not a minor." United States v. Gladish, 536 F.3d 646, 648 (7th Cir. Ind. 2008).

For purposes of this motion, this is pointed out, not to justify the alleged behavior, but rather to put Mr. Nabatkhorian's alleged behavior in context for purposes of the Court's analysis.

Assuming this Court agrees that an inference of gross disproportionality exists, the next step of the Eighth Amendment analysis is to compare the Nabatkhorian's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. Here, it noted that Nabatkhorian was actually initially charged with state charges in Fairfax County, rather than in federal court. The state charges, while serious felonies, would have carried no minimum mandatory prison sentences; however, authorities eventually chose to drop the state charges and pursue Nabatkhorian in federal court for the sole reason of seeking the dramatically harsher ten-year mandatory minimum sentence.

From a penological standpoint, it is conceded that reasons for harsh punishments may exist in the context of recidivist statutes because of statistics involving habitual criminals. This concern does not apply in this case. Assuming however, as the Court is likely inclined to do, that a valid penological concern exists behind the current punishment set out in § 2422(b), application of the law here still violates the Eighth Amendment. This is because even when proper deference is given to the policy decisions of Congress, in this case weighing the gravity of Mr. Nabatkhorian's alleged offense, and considering the non-existence of his prior criminal record, his longstanding history of giving charitably to the community, the sex offender and mental health evaluations conducted and their

7

conclusions and recommendations, it is clear that an unconstitutional sentence will result if Nabatkhorian is convicted.

The evidence in this case shows that before the circumstances of this case, Joshua Nabatkhorian was a law abiding, charitable and contributing member of his community. He has no prior criminal convictions, or previous allegations of inappropriate sexual conduct or comments to adults or minors. Law enforcement even seized much of Nabatkhorian's property through several warrants in an effort to search for digital forensic evidence of illegal images or other suggestions of previous misconduct; however, there is no evidence that Nabatkhorian – unlike many who are charged under this statute and who are ultimately sentenced to the ten year minimum mandatory sentence – ever had such images or illegal contraband.

Notwithstanding all of the above mitigating factors in this case, applying the sentencing provision of the statute here means that, Mr. Nabatkhorian if convicted will be punished at least in the same way as many individuals who have not presented such favorable mitigation evidence. Application of the statute here yields an unconstitutional result under the Eighth Amendment.

With respect to the primacy of the legislature, notwithstanding Congress' intentions in creating the legislation, it also important to remember the principle identified in <u>Mistretta v. U.S.</u>, 488 U.S. 361, 390-91 (1989), in which the Supreme Court determined that responsibility for sentencing has traditionally been shared by the separate branches of government. This statute however, which requires imposition of a ten year minimum mandatory sentence, eliminates entirely the

discretion of the judicial branch and the ability of the Court to impose an individualized sentence for Mr. Nabatkhorian, and is thus unconstitutional as applied. Instead, the statute places the minimum sentencing determination solely into the hands of the prosecutors of the executive branch.

It is quite evident that Congress concluded that the conduct prohibited in 18 U.S.C. §2422(b) was that of a serious nature and that any sentence should reflect its concern. However, other facts of this case mitigate the seriousness of Mr. Nabatkhorian's particular offense. Mr. Nabatkhorian was not involved in a physical sexual assault. He had no prior allegations of, or convictions for sex offenses. Mr. Nabatkhorian was not found to be in possession of, or to have transferred, shared or suggested looking at child pornographic images. His alleged conduct consisted of sexualized communication with an undercover agent who was posing as a minor. While it is recognized that such conduct may be unlawful, it is less serious than an individual who actually sexually assaults a child, possesses child pornography, engages in sexualized behavior with a prepubescent child, or has a history of sexual criminal conduct.

The ten year minimum mandatory sentencing provision of 18 U.S.C. § 2422(b) is unconstitutional, because as it applies in this case, it constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Therefore, that provision of the statute must be struck down by this Court.

WHEREFORE, the Accused, Joshua Nabatkhorian, by counsel, moves this Court for entry of an Order declaring the sentencing provision of 18 U.S.C. § 2422(b) unconstitutional in violation of the Eighth Amendment.

JOSHUA BEHROUZ NABATKHORIAN
By Counsel

GREENSPUN, SHAPIRO, DAVIS & LEARY, P.C.

BY:_____/s/_____
PETER D. GREENSPUN
Counsel for Defendant
3955 Chain Bridge Road, Second Floor
Fairfax, Virginia 22030
(703) 352-0100
(703) 591-7268 (fax)
pdg@greenspunlaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 27th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will then send a notification of such filing (NEF) to the following:

> John Eisinger
> Counsel for the United States
> 2100 Jamieson Avenue
> Alexandria, Virginia   22314
> John.Eisinger@usdoj.gov

> _____/s/_____
> Peter D. Greenspun
> Counsel for the Defendant
> Greenspun, Shapiro, Davis and Leary, P.C.
> 3955 Chain Bridge Road
> Second Floor
> Fairfax, Virginia   22030
> (703) 352-0100
> Fax: (703) 591-7268
> Email: pdg@greenspunlaw.com