IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 1:10-CR-313 |
| JOSHUA BEHROUZ NABATKHORIAN, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S RESPONSE TO DEFENSE MOTION
TO SUPPRESS EVIDENCE

The United States of America, by and through its undersigned counsel, moves this Court to deny the defendant's motion to suppress evidence.

## LEGAL STANDARD

In *Arizona v. Gant*, 556 U.S. ___, ___, 129 S.Ct. 1710, 1714 (2009), the Court held "that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle."

## BACKGROUND

As recounted in the affidavit in support of a criminal complaint, it is alleged that on or about November 7, 2009, the Fairfax police were summoned to a complainant's house. The complainant stated that her thirteen-year-old daughter had been receiving a large number of text messages from the defendant, a family friend, over the last week or two. The complainant felt that the messages were inappropriate.

The Fairfax police reviewed the messages and received permission to assume the victim's phone and online persona. A Fairfax police detective replied to one of the defendant's text

messages on or about November 12, 2009.  Thereafter, the defendant communicated with the detective, who pretended to be the thirteen-year-old victim and used the victim's phone and email account, via text message, email, and instant message.  During these exchanges, the defendant proposed a meeting for the purpose of having sexual intercourse with the victim.

The defendant and the detective arranged a time, date, and place for the meeting, after which the defendant would drive the victim to a hotel for sex.  The defendant stated that he would bring special condoms and requested the victim's sizes so that he could purchase bras and thong underwear for her to wear while they were alone in the hotel.  The defendant sent text messages to the victim's phone on the day of the meeting to confirm her sizes and to say that he was at the meeting place, a few blocks from the victim's residence.  The defendant was arrested at the meeting place on or about the proposed meeting time on November 17, 2009.

## ARGUMENT

As noted in the defendant's motion to suppress, the defendant was not stopped and arrested for a traffic violation.  Instead, he was arrested based on state arrest warrants for attempting to take indecent liberties with a child in violation of Va. Code §§ 18.2-26 and 18.2-370 and using a communication device to entice a minor to commit sexual acts, in violation of Va. Code § 18.2-374.3.

Based on the facts presented above the police had a reasonable belief that inside the defendant's car they would find evidence of the above-listed crimes.  The defendant had stated that he would bring special condoms.  The defendant had said that he was buying bras and panties for the victim.  The defendant had said that he had reserved a hotel room.  It was reasonable for the officers to believe that the condoms and underwear as well as receipts for their

purchase would be found in the car. It was reasonable to believe that the phone used by the defendant just minutes earlier to send a text message to the victim's phone would be in the car. It was reasonable to believe that there might be a confirmation from the hotel found in the car. It was reasonable to believe that other items showing the defendant's intent to have sex with the victim would be found in the car. As a result, the search of the car comported with the requirements of *Gant*.

## CONCLUSION

The defendant's motion to suppress evidence should be denied. The search of the defendant's vehicle incident to his arrest was proper because there was reason to believe that evidence of the crime for which the defendant was arrested would be found in the vehicle.


Respectfully submitted,

Neil H. MacBride
United States Attorney


By: /s/ John Eisinger
John Eisinger
Virginia Bar No. 65428
Attorney for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 [Phone]
703-299-3981 [Fax]
ausa@eisinger.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Peter D. Greenspun, Esquire
    Greenspun, Shapiro, Davis, and Leary, P.C.
    3955 Chain Bridge Road, Second Floor
    Fairfax, VA  22030
    (703) 352-0100 [Phone]
    (703) 591-7268 [Fax]
    Email: pdg@greenspunlaw.com
    *Counsel for the Defendant*

                                                       By:    /s/ John Eisinger
                                                                        John Eisinger
                                                                        Virginia Bar No. 65428
                                                                        Attorney for the United States
                                                                         U.S. Attorney's Office
                                                                        Justin W. Williams U.S. Attorney's Building
                                                                        2100 Jamieson Avenue
                                                                        Alexandria, Virginia 22314
                                                                        703-299-3700 [Phone]
                                                                        703-299-3981 [Fax]
                                                                        ausa@eisinger.net