IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 1:10-CR-313 |
| JOSHUA BEHROUZ NABATKHORIAN, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENSE MOTION
### TO DISMISS INDICTMENT

The United States of America, by and through its undersigned counsel, moves this Court to deny the defendant's motion to dismiss the Indictment.

### LEGAL STANDARD

In *United States v. Pleasant*, 125 F. Supp. 2d 173, 176 (E.D.Va. 2000) this Court held that "[a] count is not duplicitous, however, merely because it alleges alternative means of completing a single offense."(Citations removed).

### ARGUMENT

The Indictment in this case charges a single offence, the use of a communication device to attempt to entice a minor to engage in sexual activity for which anyone could be charged with a crime. The fact that the defendant is charged with attempting to commit acts that would have violated multiple statutes does not make this count duplicitous. This is especially true given the large amount of overlap between the two Virginia statutes listed in the Indictment.

In *Pleasant*, the defendant was charged in a single count with carrying or using a firearm during and in relation to a crime of violence or a drug-trafficking crime or possessing a firearm in

furtherance of any crime. *Id*. This court noted that the single count "delineate[d] two quite different, albeit related, proscriptions." *Id*.

In the case at bar, there is only a single prescription, using a communication device to entice a minor to commit an illegal sex act. Whether the sexual act is illegal under one Virginia statute or another, or both, or was an attempt to commit one, the other or both, does not somehow create a series of new offenses. Instead, it is merely alternate means of violating the single proscription.

## CONCLUSION

The defendant's motion to dismiss the Indictment should be denied. The Indictment properly includes several Virginia statutes that proscribe the attempted conduct and as such provide alternative means of violating Title 18, United States Code, Section 2422(b). The single count Indictment is not duplicitous.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: /s/ John Eisinger
John Eisinger
Virginia Bar No. 65428
Attorney for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 [Phone]
703-299-3981 [Fax]
ausa@eisinger.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Peter D. Greenspun, Esquire
    Greenspun, Shapiro, Davis, and Leary, P.C.
    3955 Chain Bridge Road, Second Floor
    Fairfax, VA  22030
    (703) 352-0100 [Phone]
    (703) 591-7268 [Fax]
    Email: pdg@greenspunlaw.com
    *Counsel for the Defendant*


        By:    /s/ John Eisinger
                  John Eisinger
                  Virginia Bar No. 65428
                  Attorney for the United States
                  U.S. Attorney's Office
                  Justin W. Williams U.S. Attorney's Building
                  2100 Jamieson Avenue
                  Alexandria, Virginia 22314
                  703-299-3700 [Phone]
                  703-299-3981 [Fax]
                  ausa@eisinger.net