IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:10-CR-313 |
| v. | ) | |
| | ) | Trial Date: December 6, 2010 |
| JOSHUA BEHROUZ NABATKHORIAN | ) | |
| | ) | The Honorable Leonie M. Brinkema |
| Defendant. | ) | |

MOTION TO PERMIT THE GOVERNMENT TO USE FEDERAL
RULE OF EVIDENCE 902(11) TO AUTHENTICATE
DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY

The United States moves for a ruling in advance of trial to permit the government to use FED. R. EVID. 902(11) to authenticate business records otherwise admissible pursuant to FED. R. EVID. 803(6). In support of such motion, the government submits the following:

1. Under FED. R. EVID. 803(6), Records of Regularly Conducted Activity, the government presently intends to offer at trial business records from Government Exhibit 4 (Business records from Hotmail); Government Exhibits 5 and 6 (Business Records from Google). All of the custodians or otherwise qualified persons able to authenticate these records are located outside the Eastern District of Virginia. The underlying records have been previously provided to defendant pursuant to FED. R. CRIM. P. 16. The attached 902(11) certificate has also been provided. The government has requested a 902(11) certificate from Google, Inc. and upon its receipt will provide the 902(11) certificate. The government is unaware of any bases that would constitute a legitimate challenge to the admissibility of any of these records.

2. FED. R. EVID. 902(11) permits authentication of such records by a written

declaration of its custodian or other qualified person.  Thus:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> \* \* \*

> **(11) Certified Domestic Records of Regularly Conducted Activity. -**The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any . . . rule prescribed by the Supreme Court pursuant to statutory authority. . . .

The Advisory Committee Notes addressing the 2000 Amendments to the Federal Rules of Evidence make clear that "[a] declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."

    3.    A written declaration attesting to the authenticity of a business record is not testimonial in nature.  The Supreme Court specifically observed that business records, "by their nature are not testimonial."  *Crawford v. Washington*, 584 U.S. 36, 56 (2004).  In *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006), the court concluded that business records could be properly introduced pursuant to FED. R. EVID. 803(6) and 902(11).  *See also*, *United States v. Hagege*, 437 F.3d 943, 957-58 (9th Cir. 2006) (holding that "foreign business records admitted under §3505 are not subject to the *Crawford* requirement of confrontation"); *United States v. Jamieson,* 427 F.3d 394, 411-12 (6th Cir. 2005) (holding that business records admitted under Rule 807 did not resemble the "formal statement" or "solemn declaration" identified by the Supreme Court  in *Crawford*)*; United States v. Lopez-Moreno*, 420 F.3d 420, 436-37 (5th Cir. 2005) (holding that public records are not testimonial and recognizing that, under *Crawford*, business records, which are analogous to public records, are not testimonial and are not subject to the requirements of the Confrontation Clause).  The Court of Appeals for the District of

Columbia followed *Ellis'* reasoning in *United States v. Adefehinti*, 510 F.3d 319, 325-28 (D.C. Cir. 2008) (reversing conviction on other grounds).  Moreover, the court there held that it is not necessary for the certifying records custodian to have personal knowledge of the creation of the records maintained by the business. *Id.* at 325.

Accordingly, the United States asks for a ruling allowing authentication of the above described business records by declarations complying with FED. R. EVID. 902(11) and 28 U.S.C. § 1746.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:     /s/ John Eisinger
        John Eisinger
        Virginia Bar No. 65428
        Attorney for the United States
        U.S. Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        703-299-3700 [Phone]
        703-299-3981 [Fax]
        ausa@eisinger.net

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Peter D. Greenspun, Esquire
Greenspun, Shapiro, Davis, and Leary, P.C.
3955 Chain Bridge Road, Second Floor
Fairfax, VA  22030
(703) 352-0100 [Phone]
(703) 591-7268 [Fax]
Email: pdg@greenspunlaw.com
*Counsel for the Defendant*

By:     /s/ John Eisinger
John Eisinger
Virginia Bar No. 65428
Attorney for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 [Phone]
703-299-3981 [Fax]
ausa@eisinger.net