IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10-CR-313 |
| | ) | |
| JOSHUA BEHROUZ NABATKHORIAN, | ) | Sentencing: February 25, 2011 |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES AS TO SENTENCING**

Pursuant to 18 U.S.C. § 3553(a) and Section 6A1.2 of the Sentencing Guidelines and Policy Statements, the United States hereby represents that it has reviewed the Probation Office's presentence report and the addendum to that report in this matter, and that it continues to dispute the reduction for acceptance of responsibility but has no other issues with the presentence report. The United States respectfully requests that the court impose a sentence of 97 months, a fine toward the top end of the scale, a period of fifteen years of supervised release, and full restitution to the victim and her family.

**I. ACCEPTANCE OF RESPONSIBILITY**

The government objects to the defendant receiving credit for acceptance of responsibility at this time. The government has not seen any indication that the defendant is remorseful for his conduct and its effects on the victim, which are spelled out in the victim's letter to the Court. *See* PSR at 29-31. The only remorse the defendant acknowledges feeling is remorse at getting caught and the effect of his prosecution on himself and his family.

The defendant pled guilty to Enticement and Coercion in violation of Title 18, United States Code, Section 2422(a) on Friday December 3, 2010, the day before his trial in this case was to begin. "A defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] . . . as a matter of right." U.S.S.G §3E1.1 n.3.

The PSR contains an undated letter from the defendant. See PSR at 10-11. The letter is full of minimization and the effects of his actions on himself and his family but short on contrition or actual acceptance of responsibility for his actions. There is barely even mention of the victim, instead the letter largely focuses on all of the positive things the defendant has done in his life and how the defendant has been impacted by being caught. Although he says he is sorry, he does not say what he is sorry for. At no point does the defendant describe what he thinks he did wrong.

In addition, the defendant wrote a letter to friends and family, exhorting them to write letters of support for him. *See* attached. Again, this letter is full of minimization. In the letter, the defendant writes that he is sorry to write to his friends and family about his troubles but at no point does he mention any remorse for his actions or for what has happened to the victims. He does not explain that he admitted and pled guilty to attempting to have sex with a thirteen-year-old girl. Instead, he merely notes that he was "convicted of a crime." Defense counsel's letter—attached to the defendant's—does not even mention a conviction, instead merely noting that the defendant will be sentenced for "computer solicitation," two words that do not show up anywhere in the title or statute and neither of which are elements of the crime for which the defendant was convicted.

The defendant has done nothing to help minimize, much less reverse, the adverse consequences of his actions on the victims that continue to this day. Instead, he continues to act as if he has done nothing wrong and is merely caught up in some legal troubles that are beyond his control. As a result, the government believes that the defendant has not shown any real acceptance of responsibility and should not be granted a reduction to his guideline range. However, as agreed to in the Plea Agreement, if the Court believes that the defendant has accepted responsibility, the United States will move for a third point.

## II. SENTENCING FACTORS

Defendant has entered a timely plea to Coercion and Enticement and has stipulated to having engaged in the conduct described in the Statement of Facts filed in this matter. The United States respectfully requests that the Court consider the factors set forth in 18 U.S.C. § 3553(a), Section 2G1.3 of the Sentencing Guidelines, and the stipulated conduct to impose a sentence of 97 months and a fine at the high end of the scale. In addition, the United States respectfully requests that the Defendant be placed on supervised release for a fifteen-year term. *See* 18 U.S.C. § 3583(k).

### A. Nature and Circumstances of the Offense and Defendant's History and Characteristics

Defendant has been found guilty of a crime of violence against children. *See* 18 U.S.C. § 3156(a)(4)(C) (Enticement and Coercion is a crime of violence). Between on or about October 26, 2009 and on or about November 4, 2009, the defendant sent more than two dozen text messages to the cellular telephone of the victim, a thirteen-year-old girl who was friends with one of the defendant's daughters. While these messages started off as 'life lessons,' they soon

became inappropriate. When asked during his plea hearing, the defendant admitted that at the time he sent these messages his intention was to try to have sex with the 13-year-old victim.

The victim stopped responding to the defendant's messages on or about November 4, 2009 when she felt that they were becoming inappropriate. Thereafter, from on or about November 4, 2009 through on or about the morning of November 12, 2009, the defendant sent an additional sixteen messages to the victim's phone even though she was no longer responding to him.

After a Fairfax County detective took over the victim's cellular phone, the defendant arranged to meet the person he believed to be the thirteen-year-old victim for a sexual encounter. In preparation for their meeting, the defendant reserved a room at the Ritz Carlton for more than $575, got special condoms, purchased expensive perfume and underwear for the victim, and arranged for champagne, chocolate-covered strawberries, and a red rose in the hotel room. During a conversation prior to the meeting, the defendant explained in explicit detail the types of sexual activities he wished to perform with the thirteen-year-old victim. *See* Statement of Facts at 3-4. The defendant admitted during the plea hearing that at all times he believed that he was conversing with the thirteen-year-old victim and that he intended to have sex with her.

The fact that the defendant is a leader in the community, a community that has stood behind him while ostracizing the victim, a man trusted by friends and family who was looked up to by the victim and her family, make his conduct all the more serious. That the defendant has children of the same age as the victim is also extremely troubling, as is the fact that many members of the community have trusted their children around him and are likely to continue to do so if the defendant is not in jail.

### B.  Seriousness of Offense, Promotion of Respect for the Law, and Provide a Just Punishment

A fifty-year-old man attempting to entice or coerce a girl a quarter of his own age to have sex with him is an extremely serious crime. The fact that the defendant knew the girl, that the victim was his daughter's friend, and that he knew exactly how old she was, make this defendant's conduct more egregious than someone who attempts to entice or coerce someone online whom they do not know. Online enticement cases do not generally have actual victims. While the people who try to meet children online for sex are a serious threat, it is the people who you know and trust that are the far more dangerous. Because they are already infiltrated into the community, have access to children, and can leverage a great deal more pressure on a child in order to force sexual conduct and keep the child quiet about it afterward. If a daughter tells her mother or father that she is going over to her friend's house to sleep over, the parent is unlikely to be too concerned. Not so if the daughter says she is going to go to a motel room with someone she met on the Internet.

As outlined in the victim's letter to this Court, the impact of the defendant's actions have forever changed her life. Sixteen months later she is still being shunned by the community, despite the defendant's conviction. Her faith in people has been shattered and she has lived a half life, reliving the events of a year-and-a-half ago over and over in her mind. She has been forced to grow up and face a level of unpleasantness that girls her age should not have to face. Reading her letter, you can see what a bright and articulate young woman she is and what promise she has. But those qualities have been marred by the defendant's lust, which was not

5

dissuaded when she stopped responding to him in her desperate attempt to return things to normal.

A stiff sentence would not merely be punishment for the defendant. A stiff sentence would act as a vindication of the victim and her family. A stiff sentence in this case will carry the message that the victim is not to blame for what happened, it is the defendant who is to blame. A stiff sentence will show the defendant and the community that the defendant's actions were not acceptable and that the Courts will protect the innocent from those who would prey upon them.

### C. The Need to Deter Future Crimes and to Protect the Public

The defendant's statement of acceptance of responsibility suggests that he believes that he has already suffered enough for a minor misstep along an otherwise virtuous path. *See* PSR at 10-11. The defendant claims to be living a life of shamefulness and sorrow, that his family has suffered, that he is poor and has been shunned by the community. *See* PSR at 10. However, his family still lives in the same nice house, he still has a successful business, is still supported by the community, and his children still attend the same school and have the same friends.

The victim is not so fortunate. She was forced to move to a new house in a new town. She has been shunned by the community and lost her friends. She has lost her innocence and untold opportunity. The victim did nothing wrong, unlike the defendant, and yet she has paid a far dearer price. Anything short of a lengthy period of incarceration will send the message that ruining a child's life is not a serious crime. It will send a message to the victim that she is not safe from people like the defendant because there are not adequate consequences to deter him and others.

### D. The Need to Avoid Unwarranted Sentencing Disparities

In his statement of facts, the defendant acknowledges committing all of the elements of enticement of a minor in violation of Title 18, United States Code, Section 2422(b). Other defendants convicted in Alexandria within the last couple of years for similar conduct have received sentences of 120 to 300 months. None of the following were convicted of enticing an actual minor: Timothy Lynn Brumit (1:08-CR-64-LO) received 300 months for enticement and a concurrent 240 month sentence for transportation of child pornography; Casey A. Cox (1:09-CR-113-GBL) received 120 months for enticement; Douglas E. Hunt (1:09-CR-114-TSE) received 120 months for enticement; David Beckerman (1:10-CR-10-JCC) received 120 months for enticement; and Richard Rockett (1:09-CR-477-AJT) received 121 months for enticement.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant be sentenced to a term of imprisonment of 97 months, fifteen years of supervised release, and a fine at the high end of the scale, as well as full restitution to the victim and the victim's family for losses incurred as a result of the defendant's conduct. Such a sentence will avoid unwarranted disparities with similarly situated defendants. It will also deter the defendant from future

unlawful conduct and help to deter others from similar crimes. A 97 month sentence will recognize the severity of the crime and the impact it has had on the thirteen-year-old victim.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:      /s/ John Eisinger
        John Eisinger
        Attorney for United States of America
        U.S. Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        703-299-3700
        Fax: 703-299-3981
        ausu@eisinger.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Position of the United States as to Sentencing Factors was served electronically on this 17th day of February 2011, on:

Peter D. Greenspun, Esquire
3955 Chain Bridge Road, 2 Floor nd
Fairfax, Virginia 22030
(703) 352-0100
pdg@Greenspunlaw.com
*Counsel for the Defendant*

      /s/ John Eisinger
John Eisinger
Attorney for United States of America
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700
Fax: 703-299-3981
ausa@eisinger.net